FILED

**NOT FOR PUBLICATION**

OCT 14 2011

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| AQUEH PARDAE, | No. 09-70925 |
| Petitioner, | Agency No. A094-676-927 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM* |
| Respondent. | |

| | |
|---|---|
| AQUEH PARDAE, | No. 09-72825 |
| Petitioner, | Agency No. A094-676-927 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted October 11, 2011
San Francisco, California

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Before: B. FLETCHER, REINHARDT, and TASHIMA, Circuit Judges.

Aqueh Pardae, a native and citizen of Liberia, petitions for review of the Board of Immigration Appeals' ("BIA") decisions affirming the Immigration Judge's ("IJ") denial of his application for relief under the Convention Against Torture ("CAT") and denying his motion for reconsideration. We have jurisdiction under 8 U.S.C. § 1252.

Pardae argues that the IJ denied him his right to due process by advising him of the incorrect legal standard and misleading him as to the proof necessary to establish his claim for relief under CAT. The government contends that we lack jurisdiction over this claim because petitioner failed to raise it before the BIA. It is wrong.

We recently addressed the exhaustion of procedural due process claims raised by pro se petitioners before the BIA in *Pagayon v. Holder*, 642 F.3d 1226 (9th Cir. 2011). In *Pagayon*, the petitioner claimed in his notice of appeal to the BIA that the IJ "denied [him] of a full and fair hearing in violation of due process of law." *Id.* at 1232. We found that this was sufficient to exhaust a claim that "the IJ violated [the petitioner's] due-process rights by not allowing him time to submit a letter recapitulating his oral testimony, and by refusing to take telephonic testimony from family members." *Id.* 1232, 1235. Specifically, we noted that

2

under the "forgiving standards" governing exhaustion requirements for pro se litigants, "we [were] satisfied that [petitioner's] notice of appeal gave the Board an adequate opportunity to pass on the arguments he present[ed]" in his petition for review. *Id.* 1232.

Here, Pardae, proceeding pro se, claimed in his notice of appeal to the BIA that the IJ "violated [his] right to Due Process at the hearing." As in *Pagayon*, we are satisfied that this claim in the notice of appeal gave the BIA an adequate opportunity to pass on the due process claim Pardae now raises here. The claim is therefore exhausted.

"Claims of due process violations in deportation proceedings are reviewed de novo." *Ibarra-Flores v. Gonzales*, 439 F.3d 614, 620 (9th Cir. 2006). "One of the components of a full and fair hearing is that the IJ must adequately explain the hearing procedures to the alien, including what he must prove to establish his basis for relief." *Agyeman v. INS*, 296 F.3d 871, 877 (9th Cir. 2002). Here, the IJ repeatedly instructed Pardae that to qualify for relief under CAT he "would have to prove . . . that the government of Liberia would be more likely than not to torture [him] if [he] were deported there." However, the IJ was wrong. Pardae "was not required to show that the government would torture him; he could satisfy his burden by showing that the government acquiesces in torture" of Krahn tribesmen,

3

or is aware of, but unwilling or unable to control those inflicting such torture. *Bromfield v. Mukasey*, 543 F.3d 1071, 1079 (9th Cir. 2008); *see also* 8 C.F.R. § 1208.18(a)(1) (implementing regulations defining "torture" for purposes of CAT as severe pain or suffering that "is inflicted by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity"). By giving Pardae incorrect instructions on what he was required to prove in order to establish his claim for relief under CAT, the IJ deprived Pardae of a full and fair hearing. *See Agyeman*, 296 F.3d at 884 ("A pro se alien is deprived of a full and fair hearing when the IJ mis-informs him about the forms of evidence that are permissible to prove his eligibility for relief.").

Although prejudice is required, it is inferred in cases of the type before us. Pardae "need not explain exactly what evidence he would have presented in support of his application[] for relief." *Id.* at 885 (internal quotations and citation omitted). "Rather, we may infer prejudice in the absence of any specific allegation as to what evidence [Pardae] would have presented had the IJ adequately explained what he needed to prove to demonstrate his eligibility for relief and had he been provided the opportunity to present that evidence." *Id.*; *see also Pagayon*, 642 F.3d at 1236 ("Prejudice may be inferred even absent any allegations as to what the petitioner or his witnesses might have said.") (internal quotations and citation

4

omitted).  Here, because the record reflects that the IJ incorrectly instructed Pardae on what he needed to show to establish his claim for relief under CAT, we presume prejudice.

We therefore hold that Pardae was prejudiced by the lack of a full and fair hearing.  We need not reach the merits of Pardae's remaining claims.

The petition for review is **GRANTED**, and the matter is remanded to the BIA with instruction that petitioner be afforded a new hearing.

**PETITION FOR REVIEW GRANTED AND REMANDED.**